UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

        Plaintiff,

v.

DAVID POLI, et al.,

        Defendants.

CASE NO. C24-1731-RSL-BAT

**REPORT AND RECOMMENDATION**

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed action, plaintiff alleges that all named defendants violated his Eighth Amendment right to be free from cruel and unusual punishment in three ways: (1) defendants permitted him to be raped in prison on eight separate occasions without offering adequate protection and he remains in imminent danger of being raped again; (2) defendants have threatened him with retaliation for complaining about his legal rights by saying he will be infracted, withholding food, or telling him to stand and eat elsewhere; and (3) defendants have seized forms he meant to attach to complaints he intended to mail. Dkt. 1-1 at 5–10. Defendants are Twin Rivers Unit Sergeant W. Traeger, Grievance

REPORT AND RECOMMENDATION - 1

1  Resolution Specialist B. Peterson, Corrections Officer D. Rios, law librarian David Poli,
2  Indeterminate Sentence Review Board Chairperson Kecia Rongen, and Corrections Officer
3  Mack Christian, as well as unnamed John Doe food managers. Plaintiff seeks $5 million in
4  damages. *Id.* at 9.

5  As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed
6  actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992);
7  *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).
8  The 1992 Bar Order further provides that this Court will not accept for filing a proposed
9  complaint unless it "is accompanied by an affidavit that the claims have not been presented in
10 any other action in any court and that [Plaintiff] can and will produce evidence to support his
11 claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), plaintiff must
12 demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had
13 numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos*
14 *v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

15 Plaintiff may not proceed with this action. Because plaintiff has had more than three prior
16 actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in*
17 *formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28
18 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a
19 plausible allegation that [he] faced imminent danger of serious physical injury at the time of
20 filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).
21 Plaintiff in no way connects the defendants to imminent physical harm and does not allege with
22 any specificity the kind of harm he has suffered in prison by omitting who did what, when, and
23 how his rights were violated without opportunity for redress. In fact, plaintiff's supporting

REPORT AND RECOMMENDATION - 2

documentation contradicts his claims by demonstrating that his grievances and lawsuits were investigated and dismissed as unfounded or for failure to prosecute. Dkt. 1-1, at 10–31. Plaintiff thus has stated neither a plausible allegation of imminent harm nor a plausible claim upon which relief may be granted. Furthermore, plaintiff has not, as required by the 1992 Bar Order, filed an affidavit to state that his current claims have not been presented in any other court action and that he will produce evidence to support his claims. The Court also notes that plaintiff has recently filed a spate of IFP applications and proposed civil rights actions. *See Demos v. Strange*, C24-1695-KKE-DWC (filed Oct. 10, 2024); *Demos v. Simpson*, C24-1614 (filed Oct. 4, 2024); *Demos v. Musk*, C24-1581-RSL (filed Sept. 24, 2024).

The Court recommends **DENYING** plaintiff IFP status and **DISMISSING** the proposed complaint, Dkt. 1, **with prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B) & (g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

The Clerk should note the matter for **October 24, 2024**, as ready for the District Judge's immediate consideration.

DATED this 24th day of October, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3